**LAW OFFICES OF GARY R. CARLIN, APC**
GARY R. CARLIN, CSBN: 44945
gary@garycarlinlaw.com
301 East Ocean Blvd., Suite 1550
Long Beach, California 90802
Telephone: (562) 432-8933
Facsimile:  (562) 435-1656

Attorneys for Plaintiff:
JEREMY COLLINS, individually and on behalf of
all members of the public similarly situated

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION

| | |
|---|---|
| JEREMY COLLINS, individually and on behalf of all members of the public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., a Delaware corporation,<br><br>Defendants. | Civil Docket No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>(1)  BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING<br>(2)  CONSUMER FRAUD AND DECEIT<br>(3)  INTENTIONAL MISREPRESENTATION<br>(4)  NEGLIGENT MISREPRESENTATION<br>(5)  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;  and<br>(6)  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.<br><br>**[Plaintiff Demands a Trial by Jury]** |

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

COMES NOW the Plaintiff, JEREMY COLLINS, who hereby respectfully alleges, avers, and complains, as follows:

## STATEMENT OF THE CASE

1. Pursuant to Fed. R. Civ. P. 8(a), Defendants intentionally manipulated the return of merchandise purchased by customers, refunding a lower price than for which the merchandise was purchased by using the circumstances of the Pandemic, i.e. the rise in the cost of building materials. Users of Defendant's stores could not be reimbursed for what they had originally paid for the goods if they did not possess an original paper receipt.  Plaintiff alleges that the Defendants manipulated their return system in order to illegally and unfairly profit on all returns without paper receipts, when Defendants had possession of the original purchase receipt or transaction information stored in their electronic system, available for employees at all point of sale registers. Plaintiffs and Class members, namely building contractors who purchase large volumes of goods for their business or livelihood, have suffered financial loss due to Defendant's fraudulent manipulation of product returns.  Plaintiff and Class members seek special, compensatory, and punitive damages.

## PARTIES

2. Plaintiff Jeremy Collins (hereinafter "Plaintiff" or "Collins") was and is a citizen of California and lives in the County of Orange.

3. Class members are all those members of the public who are similarly situated as the named Plaintiff.

4. Defendant, THE HOME DEPOT U.S.A., INC. (hereinafter "Defendant" or "HOME DEPOT"), is a Delaware Corporation with its principal place of business located at 2455 Paces Ferry Road, Atlanta, Georgia 30339.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this action pursuant to

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

CLASS ACTION COMPLAINT

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

28 U.S.C. § 1332(d) (2). The aggregate claims of all members of the proposed class and subclass(es) are in excess of $5 million, exclusive of interest and costs, and there are more than 1,000 putative Class members. Many members of the proposed class are citizens of a state diverse from Defendant.

6.  Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District where HOME DEPOT U.S.A., INC., distributed, marketed, advertised, and sold the trading services, which are the subject of the present complaint.

7.  Plaintiff resides within the jurisdiction of the United States District Court, Central District of California, Southern Division.

8.  This Court has personal jurisdiction over Defendant because they are authorized to do business and conduct business in California, as they have specifically marketed, advertised, and made substantial sales in California, and have sufficient minimum contacts with this state and/or sufficiently availed themselves to the markets of this state through their promotions, sales, and marketing within this state to render the exercise of jurisdiction by this Court permissible.

## FACTUAL ALLEGATIONS

9.  In or about August 2020, Plaintiff Jeremy Collins returned ten 2x4x8" planks of lumber that did not come up on Plaintiff's account as ever being purchased on the account.

10.  In or about August 2020, Plaintiff was forced to accept store credit in the amount of $4.25 per plank.  Plaintiff, knowing that he uses this account for all purchases had checked account activity within the Home Depot app and found that he had purchased over 100 of them, the same item on more than 15 separate transactions, paying up to $9.75 each.

11.  Defendant Home Depot provides an electronic record available to

Plaintiff that goes back in time approximately two years. Plaintiff has had his account with Defendant for over five years. Plaintiff, looking at his recent transactions has noticed numerous transactions on numerous dates, namely on or about August 19, 2021, August 27, 2021, and August 5, 2021, where there was a discrepancy of amounts refunded due to "No receipt."

12.     Plaintiff has been "blacklisted" by Defendant for returning too many items without a receipt. Plaintiff uses the account for his business, as everything purchased is listed on the account. Plaintiff alleges that he was "black listed" by Defendant, not for returning too many items without a receipt, but because of the situation Plaintiff discovered in August.

13. Plaintiff has been forced to keep the items he intended to return, instead of receiving a refund. Each time Plaintiff was placed on the black list, it was for six months, for a total of eighteen months.

14. Plaintiff claims that the inconvenience and time spent trying to find someone else to return the items and the money lost from the products that he could not use or that were damaged are difficult to estimate for an exact figure of damages suffered.

15. On or about April 11, 2021, at approximately 7:00pm PST, Plaintiff experienced an incident in Defendant's store in Costa Mesa, California. An employee (Asian-American female), walked up to another associate and said, "Make sure he scans everything, he looks like a thief." She had said this loud enough to be heard by Plaintiff who was ten feet away, and loud enough for multiple customers to hear the comment as well.

16. Defendant's employee started opening factory-sealed boxes that were in Plaintiff's cart and grabbed the scanner out of his hand. Plaintiff replied, "What are you doing? It's self-checkout, I'll do it myself." Plaintiff claims the total amount for the merchandise was approximately $500. Plaintiff paid in cash then was detained by seven other Defendant employees, as one of Defendant's

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

employees took the receipt out of Plaintiff's hand, while another Defendant employee took the cart and moved Plaintiff through the store, to a bound detention.

17. Defendant had detained Plaintiff for approximately fifteen minutes. Defendant employee who was looking at the receipt handed it back to Plaintiff and said he was free to go. Plaintiff filed a complaint with Defendant's consumer line, but never heard anything back about the incident or Defendant employee conduct.

## CLASS ACTION ALLEGATIONS

18. Plaintiff bring claims pursuant to Federal Rule of Civil Procedure 23 on behalf of the following Class, as defined below: HOME DEPOT U.S.A., INC., and each of their stores, customers who were shorted monies for returning items without a receipt.

19. Additionally, or in the alternative, Plaintiff brings claims pursuant to Federal Rule of Civil Procedure 23 on behalf of the following Subclass, as defined below: All customers who were not able to receive a full refund for items purchased, after HOME DEPOT U.S.A., INC, and each of their stores, knowingly, willfully, and purposefully concealed their possession of the information, to refund less money than customers had paid for the items.

20. Additionally, or in the alternative, Plaintiff brings claims pursuant to Federal Rule of Civil Procedure 23 on behalf of the following Subclass, as defined below: All HOME DEPOT U.S.A., INC. stores and each of their customers who had returned items, being shorted money due on returns.

21. **Numerosity:** The precise number of members of the proposed Class is unknown to Plaintiff at this time, but, based on information and belief, Class members are so numerous that their individual joinder herein is impracticable. Based on information, belief, and publicly available reports, Class members number in the hundreds of thousands. Subclass members are likely in the

thousands. All Class and Subclass members may be notified of the pendency of this action by reference to Defendant and each of their records or by other alternative means.

22. **Commonality:**   Numerous questions of law or fact are common to Plaintiff's claims and members of the proposed Class. These common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. These common legal and factual questions include, but are not limited to the following:

  a. Whether HOME DEPOT U.S.A., INC. knowingly withheld and failed to return monies, using the circumstances of price fluctuations on materials, as the excuse to withhold monies of customers while having the information on file;

  b. Whether HOME DEPOT U.S.A., INC. failed to provide the duty of care to their customers when they purposefully removed or withheld monies;

  c. Whether HOME DEPOT U.S.A., INC. withheld monies purposefully to harm their customers' positions in monies and benefit their own potential financial gains;

  d. Whether HOME DEPOT U.S.A., INC. was in breach of its contracts and/or the implied covenant of good faith and fair dealing in connection with its failure to provide refunds to customers;

  e.  Whether HOME DEPOT U.S.A., INC. was negligent or grossly negligent by failing to return money to customers;

  f.  Whether HOME DEPOT U.S.A., INC. was unjustly enriched by their conduct;

  g. Whether Plaintiff and the other Class members were injured by HOME DEPOT U.S.A., INC. their conduct, and if so, the appropriate

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

CLASS ACTION COMPLAINT

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

class-wide measure of damages, restitution, and other appropriate relief, including injunctive relief;

h. Whether Plaintiff and the other Class members are entitled to injunctive equitable, and declaratory relief.

23. **Typicality:** The claims of the named Plaintiff are typical of the proposed Class's claims in that the named Plaintiff was a customer during the class period and were unable to return items, receiving exactly what they had paid for items, thereby sustaining damages as a result of HOME DEPOT U.S.A., INC.'s wrongful conduct.

24. **Adequate Representation:** Plaintiff will fairly and adequately represent the Class's interests in that he has no conflicts with any other Class members. Plaintiff has retained competent counsel experienced in prosecuting complex class actions, including those involving money withheld, and they will vigorously litigate this class action.

25. **Predominance and Superiority**: There is no plain, speedy, or adequate remedy other than maintaining this class action. A class action is superior to other available means, if any, for the fair and efficient adjudication of this controversy. Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for the Defendant. Additionally, given the relatively modest damages sustained by most individual members, few, if any, proposed Class members could or would sustain the economic burden of pursuing individual remedies for HOME DEPOT U.S.A., INC. and their wrongful conduct. Treatment as a class action will achieve substantial economies of time, effort, and expense and provide comprehensive and uniform supervision by a single court. This class action presents no material difficulties in management.

26. Class action certification is warranted under Fed. R. Civ P. 23(b)(1)(A) because the prosecution of separate actions by individual members of the

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

proposed Class would create a risk of inconsistent or varying adjudications with respect to individual Class members, which may produce incompatible standards of conduct for Defendants. Class action certification is warranted under Fed. R. Civ P. 23(b)(1)(B) because the prosecution of separate actions by individual members of the proposed Class would create a risk of adjudications with respect to individual Class members, which may, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

27. The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met as HOME DEPOT U.S.A., INC., has acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive, declaratory, or equitable relief appropriate with respect to the Class as a whole.

28. Class action certification is also warranted under Fed. R. Civ P. 23(b)(3) because questions of law or fact common to the class members predominate over any questions affecting only individual members, and a Class Action is superior to other available remedies for the fair and efficient adjudication of this controversy. The amounts of damages available to the individual Plaintiff are insufficient to make litigation addressing HOME DEPOT U.S.A., INC, and their conduct economically feasible for most in the absence of the class action procedure. Individualized litigation also presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system presented by the case's legal and factual issues. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

29. Class action certification is also warranted under Fed. R. Civ P. 23(c)(4) because questions of law or fact common to the Class members may be certified and decided by this Court on a class-wide basis.

## <u>CAUSE OF ACTION I</u>

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

## (AGAINST HOME DEPOT U.S.A., INC.)

30.     Plaintiff hereby incorporates by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

31.     Plaintiff and Class members entered into the Customer Agreement with Defendant HOME DEPOT U.S.A., INC. respectively on receipts of purchase. They agreed to the specific HOME DEPOT U.S.A., INC. terms and conditions by making purchases, able to return items for purchased value.

32.     Plaintiff and Class members fulfilled their obligations under these contracts by adhering to terms, purchasing goods from HOME DEPOT U.S.A., INC.

33.     HOME DEPOT U.S.A., INC., was obligated to provide the goods and services required under those contracts at all times, including but not limited to return of goods.

34.     Plaintiff purchased goods from HOME DEPOT U.S.A., INC. which were returned for amounts lower than what the purchase records show because Plaintiff was unable to produce a physical paper receipt.  Plaintiff's history of purchases is documented and can be shown by the Defendant's employees through their point of sale systems.  HOME DEPOT U.S.A., INC. can see when items were purchased and also view the recent price increase of materials.  Defendant claims they do not know when an item was purchased in the event a customer cannot produce a physical receipt. Defendant has this information on hand, yet has used it to their advantage in order to short Plaintiff's monies by issuing the customer a gift card or store credit for the lesser amount of money in return to the customer.

35.     HOME DEPOT U.S.A., INC. unfairly interfered with the rights of

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

Plaintiff and members of the Class to receive the benefits of the Customer Agreement by, among other things, (i) failing to provide services necessary to carry out a refund; (ii) failing to provide a refund with the same method of payment from which the goods were purchased, (iii) failing to inform individuals in a timely member of the drastic changes in policy, i.e. the alleged inability to issue a full refund; and (iv) prohibiting plaintiffs from receiving a refund from the same method of payment which was on record, not disclosing this information or change of policy to Plaintiffs and all Class members.

36.     The conduct of HOME DEPOT U.S.A., INC. was objectively unreasonable.

37.     HOME DEPOT U.S.A., INC. caused Plaintiff and members of the Class harm, loss, and damages.  These losses reflect damages to Plaintiff and members of the Class in an amount to be determined at trial or separate proceedings as necessary.

## CAUSE OF ACTION II
### CONSUMER FRAUD AND DECEIT
### (AGAINST HOME DEPOT U.S.A., INC.)

38.     Plaintiff hereby incorporates by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

39.     HOME DEPOT U.S.A., INC. caused Plaintiff and Class members harm, loss, and damages and continue to expose them to harm because HOME DEPOT U.S.A., INC. continued to claim they do not have a record of Plaintiff's purchases if Plaintiff was unable to produce a receipt upon the return of purchased goods. The damage includes but is not limited to compensatory, the benefit of the bargain, and out of pocket damages in an amount to be determined at trial or separate proceedings as necessary.

40.     HOME DEPOT U.S.A., INC. acted with fraud, malice, or oppression.

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

1    Based on the foregoing, Plaintiff and Class Members are entitled to recover

2    punitive damages from Defendant HOME DEPOT U.S.A., INC. and each of them,

3    in an amount according to proof.

4

5                              **CAUSE OF ACTION III**

6                     **INTENTIONAL MISREPRESENTATION**

7                       **(AGAINST HOME DEPOT U.S.A., INC.)**

8        41.    Plaintiff hereby incorporates by reference the allegations in the above

9    paragraphs of this Complaint as though fully set forth herein.

10       42.    Defendant, HOME DEPOT U.S.A., INC., had made a false

11   representation, concealment, or nondisclosure of its return policy in regards to

12   returns with a purchase record on file, even if Plaintiff who purchased the items

13   was not able to produce a receipt.

14       43.    HOME DEPOT U.S.A., INC. had knowledge of their records of

15   transactions at the point of sale, but concealed this knowledge in order to profit

16   from items being returned by Plaintiff if the paper receipt was not being produced.

17   HOME DEPOT U.S.A., INC. stating that they cannot tell when the item was

18   purchased, therefore they must return the lowest market rate within six months.

19   This is Defendant's intent to induce Plaintiff's reliance on an undisclosed policy.

20       44.    Plaintiff have justifiably relied to their legal detriment on Defendant's

21   representations, causing Plaintiff's damages.    HOME DEPOT U.S.A., INC.

22   caused Plaintiff and members of the Class harm, loss, and damages. These losses

23   reflect damages to Plaintiff and members of the Class in an amount to be

24   determined at trial or separate proceedings as necessary.

25   ///

26   ///

27   ///

28   ///

## CAUSE OF ACTION IV
## NEGLIGENT MISREPRESENTATION
### (AGAINST HOME DEPOT U.S.A., INC)

45.    Plaintiff hereby incorporates by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

46.    HOME DEPOT U.S.A., INC. has made a misrepresentation of a material fact in the course of business, in which they claim they do not know the purchase amounts for goods.

47.    Plaintiff has purchased goods and believed that he could return items without original receipts.  HOME DEPOT U.S.A., INC. has instructed its employees, who have access to the original purchase amounts at the point of sale register, to demand a written receipt from Plaintiff, in order to refund the full amount.  In the alternative, if the receipt cannot be produced, HOME DEPOT U.S.A., INC. has instructed its employees to issue store credit in amounts much less than the original purchase prices, blaming it on a lack of knowledge of when the item was purchased, when in fact the Defendant can see when the item was purchased.  This guidance of others in Defendant's business transactions has been made with knowledge that these representations are false or misleading. DEFENDANTS and each of them acted with fraud, malice, or oppression.  Based on the foregoing, Plaintiff is entitled to recover punitive and/or exemplary damages from Defendant HOME DEPOT U.S.A., INC., in an amount according to proof.

## CAUSE OF ACTION V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST HOME DEPOT U.S.A. INC.)

48.    HOME DEPOT U.S.A., INC. has been creating difficulty for Plaintiff

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

1 as Plaintiff returns goods with the expectation of a refund in the amount of the
2 original purchased contracted price on record.  The conduct of Defendant's
3 employees is outrageous toward Plaintiff as they persist to give him a difficult
4 time when asking for the full amount of the purchase price to be refunded.  This
5 reckless intent has caused Plaintiff's emotional suffering, partially from the
6 Defendant's conduct and from Plaintiff knowing he has been losing larger sums of
7 money over the course of time.

8    49.    DEFENDANTS and each of them acted with fraud, malice, or
9 oppression.  Based on the foregoing, Plaintiff is entitled to recover punitive and/or
10 exemplary damages from Defendant HOME DEPOT U.S.A., INC., in an amount
11 according to proof.

## CAUSE OF ACTION VI
## NEGLIGENT INFLICATION OF EMOTIONAL DISTRESS
## (AGAINST HOME DEPOT U.S.A., INC.)

16   50.    Defendant, HOME DEPOT U.S.A., INC. owes Plaintiff a higher duty of
17 care as business invitees.  Defendant has breached this duty of care by allowing
18 negligent and fraudulent transactions to take place in Plaintiff's presence, which is
19 the actual and proximate cause of Plaintiff's economic and mental injuries.

20   51.    The combination of negligent and fraudulent business practices, along
21 with the personal mistreatment of Plaintiff in Defendant's places of business has
22 proximately and actually caused Plaintiff's damages.

23   52.    DEFENDANTS and each of them acted with fraud, malice, or
24 oppression. Based on the foregoing, Plaintiff is entitled to recover punitive and/or
25 exemplary damages from Defendant HOME DEPOT U.S.A., INC., in an amount
26 according to proof.

27 ///
28 ///

**REQUEST FOR RELIEF:**

1. Enter an award for plaintiffs in an amount to be determined at trial;

2. Enter an award for attorney fees and costs;

3.  Enter an award for punitive damages for the willful, wanton, and reckless behavior of Defendants; and,

4. Any other relief this Court deems just and fit.


Respectfully Submitted,


Dated: April 21, 2022          LAW OFFICES OF GARY R. CARLIN, APC


By:
Gary R. Carlin,
Attorneys for Plaintiff,
JEREMY COLLINS


**DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully demands a jury trial.


Respectfully Submitted,


Dated: April 21, 2022          LAW OFFICES OF GARY R. CARLIN, APC


By:
Gary R. Carlin,
Attorneys for Plaintiff,
JEREMY COLLINS

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

CLASS ACTION COMPLAINT