LAW OFFICES OF GARY R. CARLIN, APC
GARY R. CARLIN, CSBN: 44945
gary@garycarlinlaw.com
301 East Ocean Blvd., Suite 1550
Long Beach, California 90802
Telephone: (562) 432-8933
Facsimile: (562) 435-1656

Attorneys for Plaintiff,
JEREMY COLLINS, individually and on behalf of
all members of the public similarly situated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION

| | |
|---|---|
| JEREMY COLLINS, individually and on behalf of all members of the public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., a Delaware corporation,<br><br>Defendant. | Case No.: 8:22-cv-00847-CJC-DFM<br><br>STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF CERTAIN DOCUMENTS |

TO THE COURT, ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

JEREMY COLLINS ("Plaintiff") and Defendant HOME DEPOT U.S.A. ("Defendant") (collectively, the "Parties"), by and through their respective counsel of record, hereby agree and stipulate to the following Stipulated Protective Order:

### A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, medical and other private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. This does not, however, relieve the parties of their obligations to file Confidential documents under seal, and any Confidential documents referred to during any summary judgment hearing do not lose their Confidential status. . Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

### B. GOOD-CAUSE STATEMENT

This action is likely to involve the disclosure of sensitive personal information, trade secrets, and other proprietary information for which protection from public disclosure and from use for any purpose other than pursuing this litigation may be warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, confidential

personal information, other confidential commercial information, information otherwise generally unavailable to the public, or that may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions or common law. Accordingly, to expedite the flow of information; to facilitate the prompt resolution of disputes over confidentiality of discovery materials; to adequately protect information the parties are entitled to keep confidential; to ensure that the parties are permitted reasonable, necessary uses of such material in preparation for and in the conduct of trial; to address their handling at the end of the litigation; to assure that the confidential materials circulated among the Parties are used only for the purposes of the pending above-captioned litigation and viewed, examined, read and otherwise managed only by persons entitled to under this Stipulation; and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good-faith belief that it has been maintained in a confidential, nonpublic manner, and there is good cause why it should not be part of the public record of this case.

## C. DEFINITIONS

Action: The above-captioned matter, *JEREMY COLLINS v HOME DEPOT U.S.A.*, case number 8:22-cv-00847-CJC-DFM currently pending in the United States District Court, Central District of California (hereinafter, "this Action.")

Challenging Party: A Party or Nonparty that challenges the designation of information or items under this Order.

"CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and as specified above in the Good-Cause Statement.

<u>Counsel</u>: Attorneys of Record (as well as their respective support staffs).

<u>Designating Party</u>: A Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

<u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

<u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or by its counsel to serve as an expert witness or as a consultant in this Action.

<u>Nonparty</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

<u>Outside Counsel of Record</u>: Attorneys who are not employees of a party to this Action but who are retained to represent or advise a party to this Action and who have appeared in this Action on behalf of that party or who are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

<u>Party</u>: Any party to this Action, including all of its officers, directors and employees (and their support staffs).

<u>Producing Party</u>: A Party or Nonparty that produces Disclosure or Discovery Material in this Action.

<u>Professional Vendors</u>: Persons or entities that provide litigation sup-port services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

<u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

<u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

### D. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulated Protective Order; and (b) any information obtained by the Receiving Party from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

### E. DURATION

Even after final disposition of the Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. This Court shall retain jurisdiction with respect to interpreting and enforcing the provisions of this Stipulation for a period of one (1) year after the conclusion of this Action.

## F. DESIGNATING PROTECTED MATERIAL

(1) <u>Exercise of Restraint and Care in Designating Material for Protection.</u>

Each Party or Nonparty that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case-development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

(2) <u>Manner and Timing of Designations</u>

Except as otherwise provided in this Order (*see, e.g.*, the second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For Disclosure or Discovery Material in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend

"CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Nonparty that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the Disclosure or Discovery Material it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualify for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) For testimony given in depositions or in other pretrial proceedings, that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition, all protected testimony, or by making such designations by letter sent to counsel for all other Parties within thirty (30) days after notification from the court reporter that the final transcript is available. Prior to the termination of this thirty (30) day period, the entire transcript shall be deemed to be presumptively "Confidential." After the thirty (30) days have passed, if the transcript has not been designated as "Confidential" by any party, the transcript shall no longer be considered Confidential except upon stipulation by the parties or Court order. The Party designating deposition testimony as "Confidential" is responsible for ensuring that the transcript (or the relevant portions thereof) is marked as

"Confidential" by the court reporter

Each Party shall provide notice to all other Parties if it reasonably expects to reference or use Protected Material at a deposition, hearing, or other proceeding so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL."

(c) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(3) <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## G. CHALLENGING CONFIDENTIALITY DESIGNATIONS

(1) <u>Timing of Challenges</u>. Any Party or Nonparty may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

(2) <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to

confidentiality is being made in accordance with this specific paragraph of the Order. The parties shall attempt to resolve each challenge in good faith and on an informal basis in accordance with Local Rule 37.1. The Parties must begin the process by conferring directly (in person or by telephone) within fourteen (14) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, reconsider the circumstances, and if not change in designation is offered, to explain the basis for the chosen designation.

(3)   <u>Judicial Intervention</u>

If the challenge cannot be resolved through the meet and confer process, the Challenging Party may apply to the Court for a ruling that a document (or category of documents) designated as Protected Material by the Designating Party is not entitled to the specified level of protection. The Challenging Party's Motion must be filed within 21 days of the Designating Party's response.

(4)   <u>Burden of Persuasion:</u> The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## H. ACCESS TO AND USE OF PROTECTED MATERIAL

(1)   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such

Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

(2) Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) The Receiving Party's Attorney of Record in this Action, as well as employees of said Attorney to whom it is reasonably necessary to disclose the information for this Action;

(b) The officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and their staff and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) – although their signed Acknowledgments and Agreements to be Bound need not be disclosed to or produced to any Opposing Party or any Opposing Party's attorney(s) unless otherwise required by law;

(d) The Court and its personnel;

(e) Court reporters, deposition shorthand reporters and the staffs of each of them;

(f) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) – although

their signed Acknowledgments and Agreements to be Bound need not be disclosed to or produced to any Opposing Party or any Opposing Party's attorney(s) unless otherwise required by law;

(g) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) During their depositions, witnesses and attorneys for witnesses in the Action to whom disclosure is reasonably necessary, provided that: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i) An adjuster(s) regularly employed by or providing professional services for an insurance carrier identified by a Party as potentially being on the risk to indemnify and/or provide a defense to that Party, whether or not under a reservation of rights, provided that such adjuster(s) sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and the co-workers or staff of the adjuster(s) who are advised of the protections of this Stipulated Protective Order – although their signed Acknowledgments and Agreements to be Bound need not be disclosed to or produced to any Opposing Party or any Opposing Party's attorney(s) unless otherwise required by law; and

(j) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties with respect to settlement discussions.

Protected Material shall not be used by the parties or by any other persons or entities for any business or other purpose unless agreed to in writing by all parties

to this Litigation or as authorized by further order of the Court. Persons to whom and entities to which Confidential Information is furnished shall not disclose this Confidential Information to any person not entitled under this Stipulation to receive it. These restrictions on the use of Confidential Information are applicable only to the use of the recipients of another person's or entity's Confidential Information. Confidential Information must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulation.

### I. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and;

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

(d) Counsel shall take all other reasonable steps to ensure that persons receiving Protected Material do not use or disclose such information for any purpose other than for the purpose stated in the subpoena or court order in that specific litigation.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this

action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

### J. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### K. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the Receiving Parties are to treat the designated materials as CONFIDENTIAL until such time as the process for reviewing such designations has been completed, and then, if no objection is made to the designation, the material will be governed by this Protective Order henceforth. Nothing in this Order shall be construed to prohibit a Producing Party from seeking relief from any inadvertent or unintentional disclosure of confidential, privileged, or work-product information. Nothing in this Stipulated Protective Order shall diminish the legal rights of any person seeking such relief. When a Producing Party gives notice to Receiving Parties that certain

inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502(d), neither the attorney-client privilege nor the work product protection is waived by inadvertent production in this Action or any other action. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(e).

## L. MISCELLANEOUS

(1) <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

(2) <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. Nothing in this Stipulation shall be construed to affect the admissibility of any document, material, or information at any trial or hearing.

(3) <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with the Federal Rules of Civil Procedure. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. With respect to discovery motions or other proceedings not governed by the Federal Rules of Civil Procedure, the following shall apply: If Confidential Materials or Information derived from Confidential Materials are submitted to or otherwise disclosed to the Court in connection with discovery motions and proceedings, the same shall be separately filed under seal with the clerk of the Court in an envelope marked: "CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER AND WITHOUT ANY FURTHER SEALING ORDER REQUIRED."

(4) <u>Right of a Party to Use Its Own Documents</u>. Nothing in this Order shall

affect a Party's use or disclosure of its own documents in any way.

(5) <u>Right of a Party to Use Independently Obtained Documents</u>. Nothing in this Order shall impose any restrictions on the use or disclosure by a Party of documents, material or information obtained by such Party independent of formal discovery proceedings in this Action.

(6) <u>Right to Supplement or Request Deletion.</u> If during the course of litigation, a data subject with privacy rights pursuant to data protection laws exercises his or her right to erasure of personal data contained within the previously produced Protected Material, the Producing Party shall furnish newly redacted versions of the Protected Material within a reasonable time. The Requesting Party will promptly destroy the original version of the Protected Material and replace it with the redacted version. The Producing Party may also require the ensire document destroyed and replaced with a slip-sheet indicating the Protected Material is subject to erasure pursuant to the applicable data protection law.

M. <u>Personally Identifiable Information.</u> Personally identifiable information that a party has designated as Protected Material as defined herein, based on its good faith belief that the information is subject to federal or state laws or other privacy obligations, or any of the information contained therein, shall be handled by Counsel for the Receiving Party with the highest care.**FINAL DISPOSITION**

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.

Whether the Protected Material is returned or destroyed, the Receiving

Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in "DURATION."

### N. **VIOLATION OF PROTECTIVE ORDER**

Any violation of this Order may be cause for corrective measures, including without limitation Orders to Show Cause re Contempt proceedings, monetary sanctions, and such other remedies as the Court may consider fitting.

### O. **EXECUTION IN COUNTERPARTS AND ELECTRONIC SIGNATURES**

This Stipulation may be executed in identical counterparts, the signatures to which make an entire original document when combined. This Stipulation contemplates electronic signatures that are to be considered full execution of the Stipulation on behalf of the Party for whom the electronic signature is made.

/s/ Mandi Goodman

Attorney for Defendant

/s/ Gary R. Carlin
Gary R. Carlin
Attorney for Plaintiff

## PROTECTIVE ORDER

**GOOD CAUSE APPEARING**, it is hereby **ORDERED** that this **STIPULATED PROTECTIVE ORDER** is entered in this action in accordance with the above stipulation of the Parties.

**IT IS SO ORDERED.**

DATED: August 15, 2023

Hon. Douglas F. McCormick
United States Magistrate Judge

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court, Central District of California in the case of *JEREMY COLLINS v HOME DEPOT U.S.A.*, case number 8:22-cv-00847-CJC-DFM.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could leave me potentially liable for monetary sanctions and the Court's contempt citation. I promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court, Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action and if the action(s) giving rise to the enforcement proceedings take place in a locale other than the Central District of California

Date:_____

City and state where sworn and signed:_____

Printed name:_____

Signature:_____