JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

JEREMY COLLINS, on behalf of himself and all members of the public similarly situated,

　　　　　Plaintiff,

　v.

HOME DEPOT USA, INC.,

　　　　　Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: SACV 22-00847-CJC (DFMx)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [Dkt. 60] and DENYING AS MOOT PLAINTIFF'S MOTION FOR CLASS CERTIFICATION [Dkt. 52]

## I.    INTRODUCTION

Plaintiff Jeremy Collins filed this putative class action against Defendant Home Depot U.S.A., Inc., alleging claims for (1) breach of the implied covenant of good faith and fair dealing, (2) consumer fraud and deceit, (3) intentional misrepresentation, (4) negligent misrepresentation, (5) intentional infliction of emotional distress, and

(6) negligent infliction of emotional distress, concerning Defendant's return policy for items purchased at its stores. (*See* Dkt. 38 [Second Amended Complaint] at 1.) The Court previously granted in part Defendant's motion to dismiss, dismissing all of Plaintiff's claims except his claim for breach of the implied covenant of good faith and fair dealing. (See Dkt. 42 [Order Granting in Part Defendant's Motion to Dismiss, hereinafter "Order"].) Now before the Court is Defendant's motion for summary judgment on this claim, (Dkt. 60 [Motion for Summary Judgment, hereinafter "MSJ"]), and Plaintiff's motion for class certification, (Dkt. 52 [Motion for Class Certification]). For the following reasons, Defendant's motion is **GRANTED**, and Plaintiff's motion is **DENIED AS MOOT**.[1]

## II.    BACKGROUND

Plaintiff was a frequent customer of Home Depot. When Plaintiff purchased and returned items at Home Depot, he entered into a Customer Agreement with Defendant, which included Defendant's Return Policy ("Return Policy"). (Dkt. 80 [Defendant's Response to Plaintiff's Statement of Uncontroverted Facts, hereinafter "SUF"] ¶ 9.) The Return Policy provides the conditions for customer returns, including that "[m]ost new, unopened merchandise sold by The Home Depot can be returned within 90 days of purchase, unless noted in our Return Policy Exceptions." (*Id.* ¶ 10.) It also establishes that "[r]eturns for purchases with valid proof of purchase will be exchanged, refunded in cash, credited to your account or refunded via The Home Depot store credit," and refunds will be issued to the original form of payment unless otherwise noted in the Return Policy Exceptions. (*Id.* ¶ 11.) One of the exceptions provides that "[r]eturns made without a

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for November 6, 2023, at 1:30 p.m. is hereby vacated and off calendar.

valid sales receipt may be refunded as a Store Credit at the lowest advertised price." (*Id.* ¶ 12.)  If a customer is missing their receipt, Home Depot may be able to locate the receipt in its system.  (Dkt. 60-3 at 9.)

Plaintiff was enrolled in Home Depot's Pro Xtra Program, "a loyalty program that provides certain benefits to its members, including that members can track their Pro Xtra purchase history on the Home Depot website or through the Home Depot App if Qualifying Purchases were associated with the member's account when made."  (SUF ¶ 3.)  Consistent with that benefit, Plaintiff had access to an electronic tracking record of his Qualifying Purchases through his Pro Xtra account.  (*Id.* ¶ 4.)  The Pro Xtra Program's relevant terms and conditions are silent as to the parties' obligations regarding non-receipted returns.  (*Id.* ¶ 3; Dkts. 60-5 [2020 Pro Xtra Terms & Conditions], 60-6 [2021 Pro Xtra Terms & Conditions].)

In 2020 and 2021, Plaintiff completed various return transactions for planks of lumber from Home Depot.  (SUF ¶¶ 25–27.)  At least three of his returns were marked as non-receipted, so Plaintiff received the lowest advertised price for the items.  (*Id.*)  During one transaction, the Home Depot associate assisting Plaintiff conducted a search but "advised Plaintiff that the planks he was returning did not come up on Plaintiff's account as having ever been purchased using the Account."  (*Id.* ¶ 23.)

In this case, Plaintiff alleges Defendant "manipulated [its] return system in order to illegally and unfairly profit on all returns without paper receipts, when Defendant[] had possession of the original purchase receipt or transaction information stored in their electronic system, available for employees at all point-of-sale registers, as was advertised."  (Dkt. 73 [Opp.] at 1.)

## III.   LEGAL STANDARD

The Court may grant summary judgment on "each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). Summary judgment is proper where the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 325. A factual issue is "genuine" when there is sufficient evidence such that a reasonable trier of fact could resolve the issue in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" when its resolution might affect the outcome of the suit under the governing law, and is determined by looking to the substantive law. *Id.* "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 249.

Where the movant will bear the burden of proof on an issue at trial, the movant "must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). In contrast, where the nonmovant will have the burden of proof on an issue at trial, the moving party may discharge its burden of production by either (1) negating an essential element of the opposing party's claim or defense, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–60 (1970), or (2) showing that there is an absence of evidence to support the nonmoving party's case, *Celotex Corp.*, 477 U.S. at 325. Once this burden is met, the party resisting the motion must set forth, by affidavit, or as otherwise provided under Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. A party opposing summary judgment must support its assertion that a material fact is genuinely disputed by (i) citing to materials in the record, (ii) showing the

moving party's materials are inadequate to establish an absence of genuine dispute, or (iii) showing that the moving party lacks admissible evidence to support its factual position. Fed. R. Civ. P. 56(c)(1)(A)–(B). The opposing party may also object to the material cited by the movant on the basis that it "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). But the opposing party must show more than the "mere existence of a scintilla of evidence"; rather, "there must be evidence on which the jury could reasonably find for the [opposing party]." *Anderson*, 477 U.S. at 252.

In considering a motion for summary judgment, the court must examine all the evidence in the light most favorable to the nonmoving party and draw all justifiable inferences in its favor. *Id.*; *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987). The court does not make credibility determinations, nor does it weigh conflicting evidence. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456 (1992). But conclusory and speculative testimony in affidavits and moving papers is insufficient to raise triable issues of fact and defeat summary judgment. *Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). The evidence the parties present must be admissible. Fed. R. Civ. P. 56(c). "If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g).

## IV.    DISCUSSION

"Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." Restatement (Second) of Contracts § 205 (Am. L. Inst. 1981). "The covenant of good faith finds particular application in situations where

one party is invested with a discretionary power affecting the rights of another. Such power must be exercised in good faith." *Carma Devs. (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 372 (1992). The covenant is a "supplement to the express contractual covenants," *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 36 (1995), and is intended to "to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract," *Racine & Laramie, Ltd. v. Dep't of Parks & Recreation*, 11 Cal. App. 4th 1026, 1031–32 (1992), *modified,* 11 Cal. App. 4th 1026 (1993). Put simply, one contracting party may not unfairly deprive another of the benefit of their agreement, even if his behavior technically complies with the contract's terms. *See Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1153 (1990).

"[T]he covenant is not susceptible to firm definition but must be examined on a case-by-case basis." *Carma Devs.*, 2 Cal. 4th at 372. Although "breach of a specific provision of the contract is not a necessary prerequisite" for a breach of the implied covenant, "the scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the contract." *Id.*

To prove a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must establish that (1) the parties entered into a contract, (2) the plaintiff fulfilled his or her obligations under the contract, (3) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract, and (4) the plaintiff was harmed by the defendant's conduct. *See Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010).

Defendant argues that summary judgment is appropriate because Plaintiff fails to provide evidence to show a genuine dispute as to the third element, that Defendant unfairly interfered with his rights to receive the benefits of the contract, arguing that its

decision to deny Plaintiff a full refund was consistent with the Return Policy and not bad faith. In support of this argument, Defendant submits deposition testimony from its Senior Manager of Asset Protection Operations that "Home Depot employees do not have access in [the point-of-sale] system to the same tracking history available on Plaintiff's Home Depot Pro Xtra Account and through the Home Depot App." (SUF ¶ 15; Dkt. 60-2 [Declaration of Heather Bolling] ¶ 29.) Indeed, nothing in the Pro Xtra terms and conditions suggests that they do.

In response, Plaintiff "contends that Home Depot sales associates did have access to that tracking history as Plaintiff either made payments by credit or debit card or cash payments using his Pro Xtra ID," so the associate who completed Plaintiff's returns should have exercised discretion on behalf of Home Depot to refund Plaintiff the full amount for his returned goods. (SUF ¶ 15; Opp. at 8, 11–12.) But Plaintiff's only support for this contention is his own declaration and the Court's order on Defendant's motion to dismiss. Plaintiff has no personal knowledge on which to support his assertion as to the inner workings of Home Depot's systems. His conclusory and speculative testimony is insufficient to raise a triable issue of fact and defeat summary judgment in light of the evidence Defendant has submitted. *See Thornhill Publ'g Co.*, 594 F.2d at 738. And in its order on the motion to dismiss, the Court concluded that Plaintiff sufficiently *alleged* that Defendant exercised its discretion in bad faith when it denied him a full refund. (Order at 6–7 ["Plaintiff alleges that Defendant was, in fact, able to locate his purchase in its system—as evidenced by his ability to pull up the records on his Pro Xtra account—and therefore based on the terms of the Return Policy, he was not required to present a valid receipt in order to get a full refund."].) But at this stage, Plaintiff must do more than rest on his allegations—he must provide sufficient *evidence* to create a genuine dispute of material fact in light of Home Depot's evidence that demonstrates otherwise. He has not done so.

Plaintiff also contends that Defendant unfairly interfered with his rights to receive the benefits of the contract because it "acted in bad faith when [it] advertised [its] Pro Xtra Program Rules which would supposedly allow Home Depot's customers to track their 'qualifying purchases.'" (Opp. at 11.) Plaintiff concludes this based on his belief that "the existence of the Pro Xtra Program would make the requirement of a paper receipt obsolete," so when Home Depot refunded him the lowest advertised price for the products he returned without a receipt, they must have been acting in bad faith. (*Id.*) However, nothing in the Pro Xtra Program Rules addresses the Return Policy and the need for a receipt when returning items. And as Plaintiff recognizes, the covenant of good faith and fair dealing "is not independent of the contract itself and cannot impose substantive duties on the parties beyond what is specifically incorporated in the agreement."[2] (*Id.* at 7 [citing *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 350–56 (2000) ("[The implied covenant] cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement."].) In essence, Plaintiff asks the Court to use the implied covenant of good faith and fair dealing to add a substantive duty on the part of Home Depot to no longer require a receipt for returns for its Pro Xtra customers, which, as a matter of law, the Court cannot do.

Lastly, Plaintiff alleges that Defendant breached the covenant of good faith and fair dealing because when he complained to Home Depot in August 2021 about his experience with returning items, "Defendant 'blacklisted' [him] from returning any items to Defendant for a period of six months, with or without a receipt. During this period . . . [he] was not allowed to return any items." (Opp. at 14–15; Collins Decl. ¶¶ 12–14.) But Defendant offers considerable, unrebutted evidence that Plaintiff returned over 300 items

---

[2] Defendant argues that "[t]o the extent Plaintiff's claim is purportedly based on the Pro Xtra Terms and Conditions, the agreement contains a governing law provision, requiring that this Court analyze any such claim under the laws of the state of Georgia." (MSJ at 7 n.2 [citing SUF ¶ 8].) However, the result is the same under both California and Georgia law. *See Augustin v. Walker Lake Emergency Grp., PC*, 364 Ga. App. 856, 861–62 (2022).

in the last four months of 2021, demonstrating that he was not "blacklisted." (Dkt. 70 [Reply] at 8 [collecting evidence].)

**V.    CONCLUSION**

For the foregoing reasons, Defendant's motion for summary judgment is **GRANTED**, and Plaintiff's motion for class certification is **DENIED AS MOOT**.

DATED:    October 30, 2023

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE